# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**ADRIAN M. HUDGINS,**

    Petitioner,

v.                                                  Civil Action No. 3:13cv35
                                                     Judge Groh

**RUSSELL PERDUE, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On March 21, 2013, the *pro se* petitioner, an inmate at FCI Gilmer in Glenville, West Virginia, filed a petition under 28 U.S.C. § 2241, challenging his conviction and sentence. Along with his petition, he filed a motion to proceed as a pauper. On March 26, 2013, petitioner's motion to proceed as a pauper was granted, but he was directed to pay the filing fee. Subsequently, petitioner paid the required fee.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. §§1915, 1915A, and LR PL P 2.

## I. Factual and Procedural History

On February 22, 1995, after a two-day trial, petitioner was convicted in the United States District Court for the Western District of Virginia of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §846; two counts of distribution of crack cocaine in violation of 21 U.S.C. §841(a)(1); two counts of using or carrying a firearm in relation to a drug offense in violation of 18 U.S.C. §924(c); and three counts of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. §922(g)(1).

On May 15, 1995, petitioner was sentenced to forty-six months imprisonment on each count, except the §924(c) counts, which were subject to mandatory consecutive terms of sixty

months for the first §924(c) and two hundred forty months for the second. The court ran the §924(c) terms consecutively to each other and to the other counts, as required, and ran the other counts concurrently with each other, resulting in a total sentence of three hundred forty-six months.[1]

Petitioner timely appealed his §924(c) convictions for using or carrying a firearm during and in relation to a drug trafficking offense. On August 5, 1997, the Fourth Circuit Court of Appeals affirmed.[2] Petitioner filed a motion for rehearing on August 19, 1997; it was denied on September 3, 1997.[3] On April 25, 2011, petitioner filed a motion to recall the mandate which was denied on July 18, 2011.[4] Petitioner filed a petition for writ of *certiorari* on April 18, 20122, *certiorari* was denied on June 25, 2012.[5]

On February 12, 2003, petitioner filed a motion to reduce his sentence pursuant to §3582(c)(2). On October 27, 2003, the court applied reduced petitioner's guideline sentence from forty-six to thirty months, for a total sentence of three hundred thirty months, instead of the three hundred forty-six month sentence originally imposed.[6]

On December 20, 2005, petitioner filed a "motion to vacate and reimpose judgment" to enable him to appeal the sentencing court's October 27, 2003 amended judgment order, which he claimed he had not timely received.[7] By Order entered January 19, 2006, petitioner's motion

---

[1] The recitation of the factual history of the petitioner's convictions and sentences is taken from the Memorandum Opinion of District Judge Samuel G. Wilson, entered on January 19, 2006. 409 F.Supp.2d 745 (W.D. Va. Jan. 19, 2006).

[2] United States v. Hudgins, 120 F.3d 483 (4th Cir. 1997).

[3] (4th Cir. Dkt.# 94 and 97)(95-5387).

[4] (4th Cir. Dkt.# 113 and 118)(95-5387).

[5] (4th Cir. Dkt.# 120 and 121)(95-5387).

[6] (W.D. Va. Dkt.# 55)(7:94cr133).
[7] (W.D. Va. Dkt.# 57)(7:94cr133).

was denied.[8] Petitioner appealed. On July 26, 2006, by unpublished *per curiam* opinion, the Fourth Circuit Court of appeals affirmed the sentencing court's decision.[9]

On March 12, 2008, petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. §3502 in the sentencing court; it was denied by Order entered March 28, 2008.[10]

On September 2, 2009, petitioner filed a motion to reduce sentence; it was denied by Order entered the following day.[11]

On March 2, 2012, petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. §3582(c)(2); it was denied by Order entered June 20, 2012.[12]

Petitioner did not file a motion to vacate his sentence under 28 U.S.C. §2255. He did, however, file a motion pursuant to 28 U.S.C. §2244 in the Fourth Circuit Court of Appeals for authorization to file a second and successive §2255, which was denied as unnecessary, because he had never filed a first §2255.[13]

## II. Claims Raised by the Petitioner

The petitioner attacks the validity of his conviction and sentence in a 42-page memorandum, alleging that

1) his conviction was based on an invalid indictment; and

2) the finding that he was guilty of a second or subsequent §924(c) offense was made by the judge, not the jury; therefore, it was constitutionally unsound and improper;

---

[8] (W.D. Va. Dkt.# 59)(7:94cr133).

[9] (4th Cir. Dkt.# 13)(06-6298).

[10] (W.D. Va. Dkt.# 78 and 79)(7:94cr133).

[11] (W.D. Va. Dkt.# 80 and 81)(7:94cr133).

[12] (W.D. Va. Dkt.# 86 and 88)(7:94cr133).

[13] (4th Cir. Dkt.# 7)(06-134).

As relief, he requests that the Court vacate his 20-year sentence "that is based on a judges [sic] finding of being second or subsequent, and impose a 60-month sentence in its place."

### III. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

In this case, despite petitioner's taking care to point out that he "is not attacking the sentence, but instead, the manner in which it was executed," petitioner is *not* challenging the execution of his sentence; instead he is challenging his conviction of a second or subsequent §924(c) violation, and the imposition of a sentence for the same. In particular, he is alleging that

4

the Court that imposed his sentence for the second §924(c) offense was without jurisdiction to do so.

Petitioner attempts to raise the savings clause, but it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §924(c) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Moreover, it is clear from a cursory review of the record that the overwhelming evidence at trial was that petitioner "used" or "carried" a firearm in two separate drug transactions, one on November 21, 1994, and another on November 23, 1994; thus his conviction for two counts of violating §924(c) were proper. Further, because petitioner has already raised this "two §924(c) violations" issue on direct appeal, it is also procedurally barred.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by May 20, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: May 6, 2013

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE