**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ADRIAN M. HUDGINS,**

        Petitioner,

**v.**                                **CIVIL ACTION NO. 3:13-CV-35
(JUDGE GROH)**

**RUSSELL PERDUE, Warden,**

        Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION**

**I. Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Judge Seibert for submission of a proposed Report and Recommendation ("R&R"). Judge Seibert filed his R&R [Doc.10] on May 6, 2013. In that filing, he recommended that this Court deny Petitioner's 28 U.S.C. § 2241 petition and dismiss it with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150, 106 S. Ct. 466 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. **28 U.S.C. § 636(b)(1)**; ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Judge Seibert's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections on May 17, 2013. Accordingly, this Court will undertake a *de novo* review of those portions of Judge Seibert's findings to which objection is made. This Court will review the remainder of the R&R for clear error.

## II. Background

### A. Factual Background

On February 22, 1995, after a two-day trial, Petitioner was convicted in the United States District Court for the Western District of Virginia of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846; two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1); two counts of using or carrying a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c); and three counts of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).

On May 15, 1995, the district court sentenced Petitioner to forty-six months imprisonment on each count, except the § 924(c) counts which were subject to mandatory consecutive terms of sixty months for the first § 924(c) count and two hundred forty months for the second count. The sentencing court ran the § 924(c) terms consecutively to each

other and to the other counts, as required, and ran the other counts concurrently with each other, resulting in a total sentence of three hundred forty-six months. *See **United States v. Hudgins***, 409 F. Supp. 2d 745, 746-47 (W.D. Va. 2006) (reciting the factual history of the underlying criminal conviction and sentence at issue in this case).

Petitioner appealed his § 924(c) convictions for using or carrying a firearm during and in relation to a drug trafficking offense.  On August 5, 1997, the Fourth Circuit Court of Appeals affirmed.  ***United States v. Hudgins***, 120 F.3d 483 (4th Cir. 1997).  On August 19, 1997, Petitioner filed a motion for rehearing.  On September 3, 1997, the Fourth Circuit denied Petitioner's motion.  On April 25, 2011, Petitioner filed a motion to recall the mandate.  On July 18, 2011, the Fourth Circuit denied Petitioner's motion.  On April 18, 2012, Petitioner filed a petition for writ of certiorari.  On June 25, 2012, Petitioner's writ of certiorari was denied.

On December 20, 2005, Petitioner filed a "Motion to Vacate and Reimpose Judgment" to enable him to appeal the sentencing court's October 27, 2003 amended judgment order, which he claimed he had not received. See ***Hudgins***, 409 F. Supp. 3d at 747.  On January 19, 2006, Petitioner's motion was denied.  *Id.*  Petitioner appealed.  On July 26, 2006, by unpublished *per curiam* opinion, the Fourth Circuit affirmed the sentencing court's decision.

On March 12, 2008, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3502 in the sentencing court.  On March 28, 2008, it was denied.  On September 2, 2009, Petitioner filed a motion to reduce sentence.  On September 3, 2009, it was denied.  On March 2, 2012, Petitioner filed a motion to reduce sentence pursuant to 18

U.S.C. § 3582(c)(2); it was denied by Order entered June 20, 2012.

Petitioner did not file a motion to vacate his sentence under 28 U.S.C. § 2255. However, he filed a motion pursuant to 28 U.S.C. § 2244 in the Fourth Circuit Court of Appeals for authorization to file a second and successive § 2255, which was denied as unnecessary because he never filed a first § 2255.

### B. Procedural History

On March 21, 2013, Petitioner Adrian M. Hudgins, acting *pro se*, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence. Petitioner also filed a motion to proceed in forma pauperis. On March 26, 2013, Petitioner's motion to proceed in forma pauperis was granted, but he was directed to pay the $5.00 filing fee. On April 22, 2013, the Court received Petitioner's $5.00 filing fee.

On May 6, 2013, Judge Seibert reviewed the petition. Upon an initial review, Judge Seibert entered his R&R. Accordingly, this matter is ripe for the Court's review.

### III. Standard of Review

Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon an initial review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." **28 U.S.C. § 1915A(b)**.

Whether a complaint fails to state a claim upon which relief can be granted is

determined by the standard of review applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.2d 630, 633 (4th Cir. 2003) (citing *DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000)). Therefore, even a *pro se* complaint must contain enough allegations of fact "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); *see also Giarratano v. Johnson*, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (*pro se* pleadings are not exempt from "*Twombly*'s requirement that a pleading contain more than labels and conclusions").

A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). However, the Court must read *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594 (1972). A complaint which fails to state a claim is not automatically frivolous. *See Neitzke*, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728 (1992). This includes claims in which the plaintiff has little or no chance of success. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 284 (1976).

### IV. Discussion

Petitioner files the following objections to Judge Seibert's R&R. First, Petitioner objects to the R&R's suggestion that he is attacking his sentence in his petition. Rather, he alleges he is attacking the execution of the Judge's finding that resulted in his sentence. Second, Petitioner argues that his petition is not barred by *In re Jones*

5

because "a gap exists in the section 2255 proceeding, and, in fact, section 2241."

### 1.     First Objection

Petitioner argues that he is not attacking his sentence in his § 2241 petition. Instead, Petitioner contends he is attacking the execution of the sentencing judge's finding that resulted in his sentence rather than the underlying conviction.

A petition filed under 28 U.S.C. § 2241 must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence.  Relief under 28 U.S.C. § 2241 is permitted for actions involving the computation of credit for pretrial detention, good time, and those seeking to shorten court-ordered sentences that are administered by prison officials.  *See **Reno v. Koray***, 515 U.S. 50, 52-55, n.1, 115 S. Ct. 2021 (1995).  On the other hand, a motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack upon the imposition of a prisoner's sentence.   Although Petitioner states he is challenging the "execution" of his sentence, he requests the Court to vacate his 20-year sentence "that is based on a judges [sic] finding of being second or subsequent, and impose a 60-month sentence in its place."  Therefore, Petitioner is seeking to have his sentence modified by attacking the underlying conviction and sentence.  Therefore, the requested relief is provided under § 2255–not § 2241. Accordingly, Petitioner's first objection is **OVERRULED**.

### 2.     Second Objection

Next, Petitioner objects to Judge Seibert's R&R because the holding *In re Jones* allegedly does not bar his petition.

As established above, Petitioner is seeking § 2255 relief.  Therefore, the proper

vehicle for challenging a conviction or the imposition of his sentence is a § 2255

petition.  However, Petitioner is entitled to file a § 2241 petition if he can demonstrate

that § 2255 is an inadequate or ineffective remedy.  *See In re Jones*, 226 F.3d 328 (4th

Cir. 2000).  The Fourth Circuit Court of Appeals explained that § 2255 is inadequate and

ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme
> Court established the legality of the conviction; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion, the substantive law
> changed such that the conduct of which the prisoner was convicted is
> deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-
> keeping provisions of § 2255 because the new rule is not one of
> constitutional law.

*Jones*, 226 F.3d at 333-34.

Petitioner argues that *In re Jones* does not bar his petition.  In order for his

petition to proceed, Petitioner must satisfy the savings clause.  However, it is clear that

Petitioner does not satisfy the three-part test.  Importantly, Petitioner cannot satisfy the

second element as violations of 18 U.S.C. § 924(c) remain criminal offenses.

Last, as noted by Judge Seibert, Petitioner has already raised this "two § 924(c)

violations" issues on direct appeal.  Therefore, it is also procedurally barred.

Accordingly, Petitioner's second objection is **OVERRULED**.

## V.  Conclusion

Upon careful review of the record, it is the opinion of this Court that the

magistrate judge's Report and Recommendation **[Doc. 10]** should be, and is, hereby

7

**ORDERED ADOPTED** for the reasons more fully stated therein.  Further, the Petitioner's Objections **[Doc. 12]** are **OVERRULED**.  It is further ordered that the Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: June 19, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE

8